IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEITH STUART BODNER,

    Plaintiff,

v.                                              No. CIV 03-159 WJ/DJS

GALLUP-McCKINLEY COUNTY SCHOOLS;
KAREN WHITE, individually and as acting
superintendent; MEMBERS OF THE SCHOOL BOARD
OF THE GALLUP-McKINLEY COUNTY SCHOOLS,
individually and in their official capacities; and FIFTY
AS YET UNNAMED AND UNIDENTIFIED INDIVIDUALS,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

THIS MATTER comes before the Court pursuant to Plaintiff's Pro Se Motion for Temporary Restraining Order, Preliminary Injunction, and Memorandum of Law [Docket No. 3]. Having reviewed the motion and pleadings in this case, I find that there are insufficient grounds for issuing a temporary restraining order under Fed. R. Civ. P. 65(b).[1]

In order to receive a preliminary injunction, a plaintiff must establish 1) a substantial likelihood of prevailing on the merits; 2) irreparable harm unless the injunction is issued; 3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and 4) that the injunction, if issued, will not adversely affect the public interest.  Davis v.

---

[1] While the title of the motion indicates Plaintiff also seeks a preliminary injunction under Fed. R. Civ. P. 65(a), such injunction shall not issue without notice to the adverse party.  Plaintiff indicates he has not notified the adverse party, and Plaintiff indicates he wishes to obtain the injunction within ten days.  To the extent Plaintiff wishes to seek a preliminary injunction under Rule 65(a), he may renew the motion upon proper notice to the adverse parties.

Mineta, 302 F.3d 1104, 1111 (10th Cir. 2002).  These factors apply to all preliminary injunctions sought under Fed. R. Civ. P. 65.  Plaintiff here requests an *ex parte* temporary restraining order under Rule 65(b).  Because of the *ex parte* nature of such orders, a court may not issue such orders unless the party requesting the order shows that immediate and irreparable harm will result to the applicant before the adverse party or the adverse party's attorney can be heard in opposition.  Fed. R. Civ. P. 65(b).  Additionally, an applicant for a temporary restraining order must certify to the Court in writing the efforts that have been made to give notice or the reasons supporting the claim that notice should not be required.

 Plaintiff has not provided the Court with sufficient reasons in support of his assertion that the temporary restraining order should issue without providing notice to the adverse parties.  Additionally, Plaintiff has not provided sufficient grounds upon which this Court could find that Plaintiff will be immediately and irreparably harmed unless a temporary restraining order is issued before the adverse parties can notified or heard in opposition.  Plaintiff, who resides in housing provided by his employer, alleges that his employer told him that "his housing is merely a convenience and not necessarily guaranteed."  Docket No. 3 p. 3.  Plaintiff took this as "a threat to insinuate that he was in immediate danger of being kicked out of his living quarters."  Docket No. 3 p. 3.  If this is indeed an actual threat, it is not sufficiently immediate to warrant issuance of an *ex parte* temporary restraining order.

 IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order, Preliminary Injunction, and Memorandum of Law [Docket No. 3] is hereby DENIED.

                _____
                UNITED STATES DISTRICT JUDGE